Filed 2/28/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>YUSEF LAMONT PIERCE,<br><br>    Defendant and Appellant. | 2d Crim. No. B322890<br>(Super. Ct. No. F10903822)<br>(Fresno County) |

      Yusef Lamont Pierce appeals from an order denying a recommendation by the Secretary of the California Department of Corrections and Rehabilitation (CDCR) to recall his 2011 sentence and resentence him pursuant to Penal Code section 1170, former subdivision (d)(1).[1]  The People concede that,

---

      [1] Unless otherwise stated, all statutory references are to the Penal Code.

      The appeal was originally filed in the Court of Appeal, Fifth Appellate District.  The Supreme Court transferred the appeal to the Second Appellate District.

pursuant to section 1172.1, "this Court should reverse the order denying the recall and remand for reconsideration of the [Secretary's] request." We accept the concession, reverse and do not reach additional contentions.

*Appellant's Plea Agreement and Sentence*

"[A]ppellant . . . was charged in a criminal complaint with four counts of second degree robbery involving different victims (Pen.Code, § 211, counts 1–4), kidnapping (§ 209, subd. (b)(1), count 5), four counts of false imprisonment, again involving different victims (§ 236, counts 6–9), being a felon in possession of a firearm (§ 12021, subd. (a)(1), count 10), being a felon in possession of ammunition (§ 12316, subd. (b)(1), count 11), felony evasion of a peace officer while operating a motor vehicle (Veh.Code, § 2800.2, subd. (a), count 12), misdemeanor hit and run driving (Veh.Code, § 20002, subd. (a), count 13), and misdemeanor resisting arrest (§ 148, subd. (a)(1), count 14). Counts 1 through 5 alleged that appellant used a firearm within the meaning of section 12022.53, subdivision (b). Counts 6 through 9 alleged a firearm use enhancement (§ 12022.5, subd. (a)). Appellant was also charged with a prior prison term enhancement (§ 667.5, subd. (b))." (*People v. Pierce* (No. F063064, July 17, 2012) [nonpub. opn.] 2012 WL 2900484, at *1 (*Pierce*).)[2]

"[A]ppellant entered into a plea agreement. Under the terms of the plea agreement, appellant would . . . receive a stipulated prison term of 19 years 4 months. . . . Appellant pled no contest to two counts of second degree robbery and one count of felony evasion of a peace officer. Appellant admitted two [firearm enhancements pursuant to] section 12022.53,

---

[2] The kidnapping charge in count 5 is punishable by imprisonment for life.

2

subdivision (b) and the prior prison term enhancement.  The remaining allegations were dismissed by the trial court upon the motion of the People." (*Pierce, supra*, 2012 WL 2900484, at *1.)

In accordance with the plea agreement, the trial court sentenced appellant to prison for 19 years, four months: the upper term of five years for the first robbery plus ten years for the firearm enhancement, plus a consecutive term of one year (one-third the middle term) for the second robbery plus three years four months (one-third the 10-year term) for the firearm enhancement as to that robbery.  Appellant was sentenced to a concurrent three-year upper term for evading a police officer. The court stayed the sentence on the prior prison term.

Appellant was not successful in his appeal to the Fifth District Court of Appeal.  (*Pierce, supra*, 2012 WL 2900484, at *4.)

*CDCR Secretary's Recommendation Letter*

The CDCR Secretary's recommendation letter concerned the two firearm enhancements imposed pursuant to section 12022.53, subdivision (b).  The Secretary stated:  "[P]lease consider the amendment to PC Section 12022.53, subdivision (h), which became effective January 1, 2018.  This section previously required a sentencing court to impose enhancements for personal use of a firearm in the commission of enumerated felonies. However, courts are now empowered with discretion to strike or dismiss a personal use firearm enhancement at sentencing or resentencing pursuant to PC Section 1170, subdivision (d)(l), in the interest of justice pursuant to PC Section 1385.  [Appellant] received a term of 19 years 4 months and has a current earliest possible release date of April 26, 2025.  [¶] . . . I recommend [appellant's] sentence be recalled and that he be resentenced."

3

The Secretary's recommendation letter was filed in the superior court on July 31, 2020. Section 1170, former subdivision (d)(1) then provided that, after a defendant has been sentenced to prison, "the court may . . . at any time upon the recommendation of the secretary [of CDCR] . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." "The CDCR recommendation furnishe[d] the court with jurisdiction it would not otherwise have to recall and resentence and is 'an invitation to the court to exercise its equitable jurisdiction.'" (*People v. McMurray* (2022) 76 Cal.App.5th 1035, 1040 (*McMurray*).)

*Trial Court's Ruling*

The trial court explained why it had summarily denied the Secretary's recommendation to recall appellant's sentence and resentence him: "[Appellant] pleaded to extremely violent and serious crimes. He victimized three individuals by utilizing a loaded firearm, threatening to shoot them while robbing the business at which they worked. . . . [H]e attempted to evade arrest by driving with a willful disregard for the safety and lives of the people of Fresno County at estimated speeds of 100 miles per hour . . . . He was only apprehended after crashing his vehicle. [¶] . . . [¶] . . . [G]ranting the request would, in effect, negate a negotiated plea agreement . . . . Additionally, I don't believe that the interest of justice would . . . be served by granting this request and following the recommendations of CDCR."

4

*Amendment of Section 1170, Former Subdivision (d)(1)*
*and Addition of New Section 1172.1*

"Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719, §§ 1-7) (Assembly Bill 1540) came into effect on January 1, 2022, and moved the recall and resentencing provisions of former section 1170(d)(1) to new section 1170.03." (*McMurray*, *supra*, 76 Cal.App.5th at p. 1038.) Effective June 30, 2022, section 1170.03 was renumbered as section 1172.1 with no change in text. (Stats. 2022, ch. 58, § 10.)

"Assembly Bill 1540 . . . clarifies the required procedures including that, when recalling and resentencing, the court 'shall . . . apply any changes in law that reduce sentences or provide for judicial discretion.' (§ 117[2.1], subd. (a)(2).) Where, as here, the CDCR recommends recall and resentencing, . . . there is now a presumption in favor of recall and resentencing of the defendant, 'which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety [as defined in subdivision (c) of section 1170.18].' (§ 117[2.1], subd. (b)(2).)" (*McMurray*, *supra*, 76 Cal.App.5th at p. 1040.)

Section 1172.1, subdivision (a)(4) provides in part: "In recalling and resentencing pursuant to this provision, the court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice."

The court "shall consider . . . if the defendant . . . was a youth as defined under subdivision (b) of Section 1016.7 [i.e., under the age of 26 years,] at the time of the commission of the offense, and whether [this] circumstance[] [was] a contributing factor in the commission of the offense." (§ 1172.1, subd. (a)(4).) Appellant claims that he qualified as a youth because he was 22 years old at the time of the offense.

"Resentencing shall not be denied . . . without a hearing where the parties have an opportunity to address the basis for the intended denial . . . ." (§ 1172.1, subd. (a)(8).) The court "shall . . . appoint counsel to represent the defendant." (*Id.*, subd. (b)(1).)

*Conclusion*

Appellant's plea bargain included a stipulated sentence of 19 years, four months. "'[A] judge who has accepted a plea bargain is bound to impose a sentence within the limits of that bargain. [Citation.] "A plea agreement is, in essence, a contract between the defendant and the prosecutor to which the court consents to be bound." [Citation.] . . . Once the court has accepted the terms of the negotiated plea, "[it] lacks jurisdiction to alter the terms of a plea bargain so that it becomes more favorable to a defendant unless, of course, the parties agree.". . .'" (*People v. Segura* (2008) 44 Cal.4th 921, 931.) But section 1172.1, subdivision (a)(3)(A) provides that, "in the interest of justice and regardless of whether the original sentence was imposed after a . . . plea agreement," the resentencing court may "[r]educe a defendant's term of imprisonment by modifying the sentence."

"Under the circumstances, the appropriate remedy is to reverse and remand the matter, so that the trial court can consider the CDCR's recommendation to recall and resentence

6

defendant under the new and clarified procedure and guidelines of section 117[2.1]." (*McMurray*, *supra*, 76 Cal.App.5th at p. 1041.)  We express no opinion whether appellant's sentence should be recalled or, if it is recalled, whether he should be resentenced.  (But see conc. opn. of Yegan, J.)

*Disposition*

The order summarily denying the recommendation for recall of appellant's 2011 sentence and to resentence him is reversed.  The matter is remanded to the trial court for reconsideration of the recommendation in accordance with the requirements of section 1172.1.

<u>CERTIFIED FOR PUBLICATION.</u>


                                                    YEGAN, J.


We concur:



                GILBERT, P. J.



                BALTODANO, J.


7

YEGAN, J., Concurring:

The People have rights too.  The People's contractual rights apparently have been disregarded by the Legislature.  The purpose of the law of contracts is to protect the reasonable expectations of the parties.  The defendant reaped the benefits of the plea bargain and stipulated sentence bargain.  His reasonable expectations have been met.  What about the People's expectations?  Can the Legislature erase the defendant's signature from the negotiated disposition which specified an exact term of imprisonment?  I am quick to observe that if the disposition did not specify the exact term of imprisonment, I would have no hesitation about applying the newly enacted statute.  That is not the case here.  And, it must be observed that the defendant was originally subject to sentence vulnerability far in excess of what he bargained for, i.e., life in prison.

Factually, this reversal and remand is an exercise in futility and an exhalation of form over substance.  Given the trial court's articulated views (maj. opn. *ante*, at p. 4), there is no chance that appellate will obtain relief even with aid of counsel and after an evidentiary hearing.  This will undoubtedly spawn yet another appeal.

CERTIFIED FOR PUBLICATION.


YEGAN, J.

Jon Kapetan, Judge

Superior Court County of Fresno

_____

Dwyer & Kim and John P. Dwyer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Senior Assistant Attorney General, Darren K. Indermill, Supervising Deputy Attorney General, Kari Ricci Mueller, Deputy Attorney General, for Plaintiff and Respondent.